IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L. BANKS,                             No. CIV S-05-1215-MCE-CMK-P

    Plaintiff,

  vs.                                                          <u>ORDER</u>

ARNOLD SCHWARZENEGGER,
et al.,

    Defendants.

                               /

          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On July 1, 2005, the court issued an order dismissing plaintiff's complaint with leave to amend, and directing plaintiff to file an amended complaint within 30 days.  On July 8, 2005, the court denied plaintiff's motion for appointment of counsel and, on July 29, 2005, plaintiff filed a notice of appeal as to this denial.  The appellate court dismissed the appeal for lack of jurisdiction and, on November 16, 2005, the mandate from the appellate court was filed in this court.

/ / /

/ / /

          The court will now require plaintiff to file an amended complaint in compliance with its July 1, 2005, order.  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

1  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which
2  are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567
3  (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior
4  pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An
5  amended complaint must be complete in itself without reference to any prior pleading.  See id.

6        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
9  each named defendant is involved, and must set forth some affirmative link or connection
10 between each defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S.
11 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
12 740, 743 (9th Cir. 1978).

13       Finally, plaintiff is warned that failure to file an amended complaint within the
14 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
15 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
16 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
17 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

18       Accordingly, IT IS HEREBY ORDERED that plaintiff shall file a first amended
19 complaint, pursuant to the court's July 1, 2005, order, within 30 days of the date of service of this
20 order.

21 DATED:  November 21, 2005.

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE