IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. BANKS, | No. CIV S-05-1215-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On July 1, 2005, the court dismissed plaintiff's complaint and directed plaintiff to file a first amended complaint within 30 days. Plaintiff appealed that and other orders to the Ninth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction on September 21, 2005. This court then issued an order on November 21, 2005, requiring plaintiff to file an amended complaint pursuant to the July 1, 2005, order within 30 days. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. To date, plaintiff has not complied.

1    The court must weigh five factors before imposing the harsh sanction of
2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14    Having considered these factors, and in light of plaintiff's failure to file an
15 amended complaint as directed, the court finds that dismissal of this action is appropriate.
16    Based on the foregoing, the undersigned recommends that this action be
17 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
18 orders.
19    These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations."  Failure to file objections within the specified time may waive
24 / / /
25 / / /
26 / / /

1 the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED:   January 12, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE